# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 2:17-cr-196 |
| Plaintiff, | : | JUDGE MICHAEL H. WATSON |
| v. | : | |
| | : | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| TEMESIA A. GREEN, | : | |
| Defendant. | : | |

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of Defendant Temesia A. Green ("Defendant" or "Green"). For the reasons set forth herein, the United States recommends that Defendant be sentenced to a term of imprisonment of 120 months, followed by three years of supervised release, a sentence falling within the properly calculated guidelines after all departures are considered.

**I.    Factual Background**

From January 1, 2016 through June 7, 2017, Defendant utilized her address at 69 Whitethorne Ave. in Columbus, OH to sell heroin.  Green agreed with other individuals to bring heroin into said address to sell, and acquired firearms to protect the heroin and the proceeds from the sale of heroin.  Green had numerous regular customers who would come to her residence to purchase and use heroin.  Green would also supply individuals with heroin to sell outside the residence.

On January 11, 2017, Columbus Division of Police (CPD) obtained a search warrant for 69 Whitethorne.  CPD requested the search warrant after a CPD confidential informant (CI) made

three separate controlled narcotics purchases from the resident at 69 Whitethorne Ave between December 2016 and January 2017. Green sold the CI heroin during all three controlled purchases.

On January 12, 2017, CPD executed the search warrant. Investigators recovered five handguns and 8.5 grams of heroin. Two handguns were recovered from Green's purse; one of which was reported stolen. The stolen handgun is a Sig Sauer, Model P938, 9mm pistol, serial number 52A038499, that was loaded with seven live rounds. The other handgun in Green's purse was a Glock, Model 43, 9mm pistol, serial number ZWB448 that was loaded with six live rounds. Upon the team's entry into the house, Green's juvenile son dropped a Glock, model 22, .40 caliber pistol, serial number RF3149US, loaded with 31 live rounds. This gun was also reported stolen. A Smith & Wesson, model SW40VE, .40 caliber pistol, serial number RBE0118, was located in a black dresser in the northeast bedroom. This handgun was also reported stolen. Behind a television in the northwest bedroom, officers located a Ruger, model SR40, .40 caliber pistol, and serial number 342-03208.

On February 10, 2017, ATF executed a search warrant at 69 Whitethorne Ave. Inside the residence, investigators located 92 pill capsules filled with heroin and fentanyl, and four loaded firearms. Three of the firearms and the majority of the narcotics were located in a safe that was hidden behind a false wall in the upstairs bathroom. A set of wedding rings and an appraisal card in Green's name were located in the safe.

On June 7, 2017, ATF executed another search warrant for 69 Whitethorne Ave. after an ATF CI made two controlled purchases of pills from Green at her residence in May and June of 2017. Investigators recovered 40 grams of marijuana, 40 oxycodone pills, 17 Xanax pills, and four loaded handguns. Two of the handguns were stolen.

On October 3, 1995, Green was convicted of Attempted Robbery in the Court of Common Pleas of Franklin County, a crime punishable by imprisonment for a term exceeding one year.  All of the above-mentioned firearms were manufactured outside the State of Ohio.  In total, from January 1, 2016 through June 7, 2017, Green conspired to sell over 1 kilogram, but less than 3 kilograms, of heroin.

## II. Procedural History

On September 11, 2017, a three-count Information with a forfeiture allegation was filed by the U.S. Attorney's Office against the Defendant charging her with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and 846 (Count 1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3).  On October 25, 2017, Green pled guilty to Counts One through Three pursuant to a Plea Agreement.

## III. Sentencing Guidelines Calculation

### a. <u>Statutory Maximum Sentence</u>

The maximum sentence for Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin is 10 years to life imprisonment, a $10,000,000 fine, a five-year period of supervised release, and a $100 special assessment.  The maximum sentence for Possession of a Firearm in Furtherance of a Drug Trafficking Crime is five years to life imprisonment, a $250,000 fine, a five-year period of supervised release and $100 special assessment.  The maximum sentence for Felon in Possession of a Firearm is 10 years of imprisonment, a $250,000 fine, a three-year period of supervised release and a $100 special assessment.

      b.   Sentencing Guidelines Calculation

In imposing sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005). First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). As the Presentence Investigation Report ("PSR") correctly calculates for Counts One and Three: the base offense level, once all drug quantities were converted to marijuana equivalency, is **30**, pursuant to U.S.S.G. § 2D1.1(c)(5); there is a **2**-level increase because Green maintained a premises for the purpose of distributing a controlled substance, pursuant to U.S.S.G. § 2D1.1(b)(12); finally, there is a **3**-level decrease for acceptance of responsibility under U.S.S.G. 3E1.1(a) and (b). These calculations result in a total adjusted offense level of **29**. Defendant is a Criminal History Category I, which at an offense level **29**, corresponds to a guideline range of 87-108 months. However, pursuant to U.S.S.G. § 5G1.1(b), the statutorily required mandatory minimum sentence of 120 months shall be the guideline sentence.

For Count Two, the guideline sentence is 60 months imprisonment to run consecutively to the other counts, pursuant to U.S.S.G. § 5G1.2(a). The PSR recommends a total sentence of 180 months.

      c.   Defendant's Objection to the PSR

Defendant raised one objection to the PSR. Specifically, she challenged the application of a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance. Defendant argues that because the residence in question was her only place of residence, the activities of distributing a controlled substance were only incidental or collateral uses of the residence. However, this argument is not supported by the

4

facts of the case or Application Note 17 to Section 2D1.1, which further explains the enhancement and provides factors for the Court's consideration.

Specifically, Application Note 17 states that that two-level enhancement is appropriate for a defendant "who knowingly maintains a premises (i.e., a building, room or enclosure) for the purpose of…distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." Defendant's home served as a location where controlled substances were stored for the purpose of distribution, and were in fact distributed at the residence as demonstrated by the three separate controlled purchases of narcotics. Application Note 17 states that among the factors a court should consider "whether the defendant 'maintained' the premises are (a) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (b) the extent to which the defendant controlled access to, or activities at, the premises." U.S.S.G. § 2D1.1, Application Note 17. Finally, the commentary instructs that distributing controlled substances need not be the sole purpose for the premises but one of the primary or principal uses. *Id*. In making the determination, the court should consider how frequently the premises was used by the defendant for distributing controlled substances versus how often it was used for a lawful purpose. *Id*.

In this case, there is no dispute that the residence in which Defendant stored her narcotics and from which she sold the illegal drugs was also her primary residence and that of her children. Other than it being her primary residence, there does not appear to be another lawful purpose for the residence. Instead, the premises, which Defendant rented, was regularly used for the sale of narcotics, typically in the front room of the home; firearms were also located throughout the house to protect this criminal activity and those engaged in it. During the execution of a warrant in February of 2017, law enforcement also discovered a safe behind a false wall in the upstairs

bathroom where both firearms and narcotics were also stored.  In a little over seven months, law enforcement conducted multiple drug buys from Defendant in her home; and observed at least one other individual from whom law enforcement had *just* purchased cocaine on two occasions return to Defendant's home immediately each time after the sale.  In addition, Defendant had regular customers who purchased controlled substances, namely heroin, from her on a daily basis.  Thus, the two-level enhancement is more than appropriate in this instance.

### IV.     The Proper Sentence

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

In a standard analysis, no unusual circumstances exist which warrant an exception to the preference for guideline sentencing.  Section 3553(a)(4) and (5) specifically direct the Court to consider the applicable guidelines, and Section 3553(a)(6) commands that the Court strive to avoid disparity in sentencing, which, as explained above, is best accomplished through faithful application of the guidelines.  The other 3553(a) factors also point to this conclusion.

The nature and circumstances of this crime, as set forth above, not only warrant, but also require a sentence of imprisonment.  Given the devastating effects of drug trafficking, there must be accountability for those, like Defendant, who engage in this illegal activity and help it to thrive in our communities.  Green distributed and possessed large quantities of various types of narcotics – a one-stop shop for addicts seeking another fix.  She also possessed numerous firearms, which were used in furtherance of her drug distribution.  The seriousness of this offense cannot be overstated and is reflected in the repetitive nature of Defendant's conduct.

For example, during the search executed on January 12, 2017 because of two controlled buys from her residence in December of 2016 and January of 2017, a variety of controlled substances were seized in addition to firearms located in Defendant's purse, in the possession of her minor son, in her bedroom dresser drawer, and behind a television in another bedroom.  When law enforcement against executed a search warrant on her home in February of 2017, in addition to the presence of multiple narcotics, there were another four firearms seized from an upstairs bathroom, a hidden safe in the bathroom, and behind the television in her son's room.  Again in June of 2017, law enforcement seized additional controlled substances and firearms from Defendant's home – her crimes are not just serious but dangerous.

Certainly, the Court must also consider the history and characteristics of Defendant.  However, this factor does not detract from the need to impose a sentence of imprisonment.  Despite the difficulties Defendant faced in her past, it appears she possessed the drive to pursue an education and work in a field assisting others.  Nevertheless, the vicious addiction that consumed her was the same addiction that she chose to feed in others—for her own profit.

A sentence of 120 months of imprisonment also satisfies the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense.  The law does not tolerate those who perpetuate the trafficking of drugs in our communities.  Moreover, each time law enforcement seized narcotics and firearms from Green's residence, she replaced both, with complete disregard for the law and safety of others. Green's willingness to continue trafficking drugs is also evidence that imprisonment is necessary in this case for both specific and general deterrence as well as to protect the public.

**V.       Conclusion**

For the reasons set forth above, the United States respectfully recommends that Defendant Temesia A. Green be sentenced to a term of imprisonment of 120 months, followed by three years of supervised release, a sentence falling within the properly calculated guidelines after all departures are considered.  The government submits that this sentence is sufficient but not greater than necessary to satisfy the statutory purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

*s/Jessica W. Knight*
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney
303 Marconi Blvd, Ste. 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Jessica.Knight@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Government's Sentencing Memorandum* was electronically served via the Court's CM/ECF system this 31st day of January, 2018 upon Jeremy Dodgion, Counsel for Temesia A. Green.

*s/Jessica W. Knight*
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney